IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NEUTRON DEPOT, LLC AND DEPOTWEB, INC.** | § § § | |
| Plaintiffs | § § | Civil Action No. |
| v. | § § | JURY TRIAL DEMANDED |
| **UNDERGROUND ELEPHANT, INC.** | § § § | |
| Defendant. | § | |

# PLAINTIFFS NEUTRON DEPOT, LLC AND DEPOTWEB, INC.'S

# ORIGINAL COMPLAINT

Neutron Depot, LLC and DepotWeb, Inc. ("Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant, Underground Elephant, Inc., 600 B Street, Suite 1300, San Diego, CA 92101 ("Defendant"), allege as follows:

This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* as amended (also referred to as the "Lanham Act"), Texas Business and Commerce Code § 16.29, and the common law of the State of Texas.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction under 15 U.S.C § 1121 insofar as it arises under Lanham Act. This Court has pendent jurisdiction over the state law claims because they arise from a common nucleus of operative facts.

2.     This Court has personal jurisdiction over Defendant in that Defendant does business in this District.

3. Venue is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and Defendant does business in this District.

## THE PARTIES

4. Plaintiff Neutron Depot, LLC is a Texas Limited Liability Corporation and Plaintiff DepotWeb, Inc. is a Texas Corporation. Both Plaintiffs have a principal place of business located at 13703 Neutron Road, Dallas, Texas 75244. Further, Plaintiffs, among other things, engage in, and/or have engaged in, the marketing, sale and servicing of insurance and insurance related products and services. Plaintiffs do business, and/or have done business, throughout this District and in interstate commerce.

5. On information and belief, Defendant is a California Corporation that transacts business within the State of Texas, with its principle place of business at 600 B Street, Suite 1300, San Diego, CA 92101, which, among other things, markets and sells insurance and insurance related products and services, and does business throughout this District and in interstate commerce. Defendant may be served with citation and a copy of Plaintiffs' Complaint pursuant to Texas Civil Practices and Remedies Code §17.044 (b), by serving the Texas Secretary of State with two copies of the process in this cause. The Texas Secretary of State will then complete service by serving Defendant's registered agent for service at its place of business: Joe Leventhal, Underground Elephant, Inc., 600 W. Broadway, Suite 700, San Diego, California 92101.

The Clerk is respectfully requested to issue service of citation on the Texas Secretary of State by certified mail, return receipt requested, and the Clerk is requested to provide the Secretary of State with two (2) copies of the process (citation and complaint). The Texas

Secretary of State may be served by certified mail, return receipt requested at the following address: Office of the Secretary of State, Statutory Documents Section-Citations Unit, P. O. Box 12079, Austin, Texas 78711-2079.

## STATEMENT OF FACTS

6. For many years, Plaintiffs have been engaged in the marketing, sale and distribution of insurance products and services. Plaintiffs' services and products are sold, and marketed nationwide to individual customers and/or businesses.

7. On August 26, 1993, James T. Maxwell filed a federal trademark application with the United States Patent and Trademark Office ("USPTO") for "Insurance Depot" (the "Mark").

8. On July 5, 1994, the USPTO granted the registration of the Mark "Insurance Depot" (the "Mark") as Fed. Reg. 1,843,194.

9. The Mark is owned by CSi Agency Services, Inc.

10. The Mark has been in continuous use with the public as an identifier of source of goods, or services, since 1993.

11. The Mark has been rendered "incontestable" by the USPTO, and all applicable fees and usage filings have been filed and maintained with the USPTO.

12. CSi Agency Services, Inc. has executed written agreements with both of the Plaintiffs in which CSi Agency Services, Inc. licensed the use of the Mark to Plaintiffs with the right of enforcement, and the right to bring suit under the Mark.

13. Proper notice of the registration of this Mark has been maintained on the website www.insurancedepot.com, and upon written documents, pursuant to the terms of 15 U.S.C § 1111; and thus, Plaintiffs are entitled to all applicable damages and remedies under the

Lanham Act.

14. Plaintiffs have actively advertised, marketed and continuously promoted the Mark both online at www.insurancedepot.com, and upon written documentation, wherever and whenever Plaintiffs have offered, or sold, insurance services and related products to customers and potential customers.

15. Likewise, Plaintiffs have actively advertised, marketed and continuously promoted the Mark both online at www.insurancedepot.com, and upon written documentation, wherever and whenever Plaintiffs have displayed, and have presented, the insurance services and products to customers and potential customers.

16. The insurance services and products that the Plaintiffs have sold, offered for sale, and/or displayed in direct reference to the Mark have been a significant commercial success for Plaintiffs.

17. The Plaintiffs' Mark acts as a valuable source identifier among the relevant class of customers, namely, buyers or potential buyers (leads) for insurance services, products and/or goods. Accordingly, Plaintiffs own and/or license exclusive, valuable trade dress and/or trademark rights to the Mark.

18. Following registration of the Mark, and riding on the coattails of the reputation and commercial success established in connection with the Mark itself, Defendant launched a competing insurance service and/or product campaign, online and/or in paper directly misusing Plaintiffs' registered Mark ("Insurance Depot").

19. Specifically, as late as April 2nd and 11th, 2014, Plaintiffs used the search term "Insurance Depot" to check for potential infringers of the Mark and found the following website advertisement:

**Insurance Depot** - Auto **Insurance** As Low As $15/week[1]
Ad **depot**.free-**insurance**-quotes.us/

A true and correct copy of Defendant's Website Advertisement and Link is attached herein as ***Exhibit A***. Once a prospective insurance customer clicks on the aforementioned website advertisement or link, the prospective customer will not reach Plaintiffs' website: www.insurancedepot.com. Rather, Defendant's paid website advertisement or link irrevocably circumnavigates said prospective customer from Plaintiffs' website to Defendant's website www.free-insurance-quotes.us.

20. Upon information and belief, the owner of this Website Advertisement is Underground Elephant, Inc., Defendant for this case. This fact is verified by the true and correct copy of the *Terms of Service* document from the Defendant's Website "free-insurance-quotes.us" attached hereto as ***Exhibit B***.

21. Accordingly, the Mark is currently being actively misused by Defendant, as is demonstrated in the website printouts, as of April 2 and 11, 2014, to improperly generate business at the expense of Plaintiffs' Mark. See *Exhibit A*.

22. Defendant's imitation, and misuse, of the Plaintiffs' Mark has been intentional, deliberate and willful, and is without any license, consent, authorization, or permission from Plaintiffs.

23. There can be no doubt that the Defendant's insurance services and/or products (collectively "Infringing Services") are intended to compete directly with the insurance goods, services and products offered by Plaintiffs in connection with Plaintiffs' business and

---

[1]Link:*http://www.google.com/aclk?sa=l&ai=CLATENHY8U5PKLMGHyQHL74CgCc7JpvUEttKt7H6w8sGXBggAEAEg7YrfBigDUN2ukuYHYMmW94zkpKwToAGy_-LbA8gBAaoEJU_QRrF0y8qx7HzCFCilzn7ITsGoLS1uh1I_h4DZ7O0uL-egua-ABZBOgAe2gJ0kkAcD&sig=AOD64_1OsurViSzg8UP86oNZpb44ZyARzQ&rct=j&q=Insursance+Depot&ved=0CCoQ0Ow&adurl=http://www.free-insurance-quotes.us/GSEARCH/ueid/glsr_330352b8d1a99a2e7_G_A1_EX/%3Fseed%3Dinsurance%2520depot%26t%3Dinsurance%2520depot*

Plaintiffs' Mark.

24. In fact, Defendant directly misappropriates and uses the Plaintiffs' Mark to generate its own business as is shown on the following website:

**Insurance Depot** - Auto **Insurance** As Low As $15/week[2]
Ad**depot**.free-**insurance**-quotes.us/

See *Exhibit A*.

25. The Defendant's misuse of the Mark directly indicates that Defendant intends to promote its own services and products to be purchased as a substitute for the genuine Plaintiffs' insurance services, products and goods, which are identified by the use of the Mark.

26. In other words, it is clear that Defendant willfully intended to steal business generated by the Plaintiffs' Mark, by misguiding the public into thinking that the Mark is affiliated with the Defendant.

27. Defendant offers and sells its own insurance services, products and/or goods within the same geographic markets where Plaintiffs have established customers for their products and goods, including the State of Texas.

28. On information and belief, Defendant promotes its business by an infringing use of the Mark on websites, sales calls, and written materials within the same customer market as Plaintiffs' services, products or goods.

29. By copying, verbatim, the Plaintiffs' Mark and using it in commerce, Defendant is willfully creating a likelihood of confusion as to whether the Defendant's services, products, and/or goods are approved by Plaintiffs or otherwise related to or affiliated with the Plaintiffs' services, products, and/or goods.

---

[2] See FN 1, *Supra*.

30. In fact, Plaintiffs already have fielded comments and inquiries from potential customers who, upon encountering Defendant's infringing use of the Mark *via* the process described in paragraph 19, hereinabove, reported that they were unable to reach Plaintiffs' website as advertised on television.  Potential Customers have explained that upon searching for "Insurance Depot" using Google and other search engines, they clicked on the first website advertisement or link owned by Defendant displaying Plaintiffs' Mark.  Thus, potential insurance customers, who sought Plaintiffs' genuine services, products and/or goods bearing the Mark, were misled and confused by virtue of Defendant's infringing use of the Mark.

31. Defendant's use of the Plaintiffs' Mark, or a close imitation thereof, is misleading to customers who will mistakenly believe Defendant is the creator or rightful owner of the Mark and the associated services, products, and/or goods with the Mark, or otherwise mistakenly believe that an association exists between the Parties' respective products and/or services.  This diminishes the exclusive, source-identifying rights established by Plaintiffs in their Mark.

32. On information and belief, Defendant's services, products, and/or goods may not be of the same high quality as Plaintiffs' services, products and/or goods, resulting in harm to Plaintiffs' goodwill and reputation as customers are confused about a possible relationship between the Plaintiffs' services, products and/or goods and the Defendant's services, products, and/or goods.

33. Moreover, any defects or deficiencies in the Defendant's services, products and/or goods, will also negatively impact on the goodwill and reputation built up in the unique Plaintiffs' services, products and/or goods.

## COUNT I
## FEDERAL UNFAIR COMPETITION

34. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. The Plaintiffs' Mark is recognized and relied upon by the relevant customer market to identify the source of the Plaintiffs' services, products and/or goods, and to distinguish the Plaintiffs' services, products, and/or goods from the products of others.

36. The similarity of non-functional features and/or configurations in Defendant's misuse of the Mark and/or services, products and/or goods associated with the Mark creates a likelihood of consumer confusion as to the source, sponsorship, affiliation or approval of the misused Mark and the genuine Plaintiffs' services and products.

37. On information and belief, Defendant has been aware, since prior to the acts complained of herein, that the relevant customer market recognizes and relies upon the Plaintiffs' Mark to identify the services, products, and/or goods of the Plaintiffs and to distinguish them from the products of others.

38. On information and belief, Defendant, in this District and elsewhere, sells, seeks to sell, and/or actively induces the display of insurance services, products and/or goods employing a feature or configuration which copies and simulates the Plaintiffs' Mark, which is used by Plaintiffs to market and sell their insurance services, products and/or goods.

39. Upon information and belief, Defendant has engaged and continues to engage in a willful, conscious, and systematic practice of advertising, manufacturing, and selling or seeking to sell its own services and products through misuse of the Mark with deceptive intent, misappropriating the unique Plaintiffs' Mark, and associated services, products and/or

goods.

40. Defendant's practice of selling, seeking to sell, and/or actively inducing the sale of its own services, products and/or goods which misappropriates Plaintiffs' Mark is likely to cause confusion as to the source of the services, products and/or goods, causing injury to the business reputation and goodwill of Plaintiffs, their services, products and/or goods, which are recognized for their high quality.

41. Defendant's activities constitute the use in commerce of any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activity of another person in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125.

42. Defendant's activities constitute the use in commerce of any word, term, name, symbol or device, or any combination thereof or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with goods, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of its or another person's goods, services or commercial activities in violation of Section 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125.

43. Defendant's activities have caused and will cause further irreparable injury to Plaintiffs, and unless such activities are restrained by this Court, they will be continued and continue to cause great and irreparable injury to Plaintiffs.

44. Plaintiffs have no adequate remedy at law.

45. Plaintiffs seek attorney's fees, costs and expenses pursuant to 15 U.S.C. § 1117.

46. Plaintiffs seek all damages available under law pursuant to 15 U.S.C. § 1117, including, but not limited to, treble damages for Defendant's knowing infringement of the Mark.

## COUNT II
## TEXAS COMMON LAW TRADEMARK INFRINGEMENT

47. Plaintiffs repeat and reallege paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Defendant has injured Plaintiffs by unlawfully using the Plaintiffs' Mark and causing a likelihood of confusion or misunderstanding among the relevant customer market as to the source, sponsorship, approval, of affiliation of the services, products and/or goods.

49. Defendant's conduct constitutes trademark infringement under the common law of the State of Texas.

50. As a result of the aforesaid acts by Defendant, Plaintiffs have suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

51. Unless Defendant is restrained and enjoined by this Court, said acts will be continued and will continue to irreparably harm Plaintiffs.

52. Plaintiffs have no adequate remedy at law.

53. Plaintiffs seek all damages available under both statutory and Texas common law including, but not limited to, actual and punitive damages for knowing infringement of the Mark.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court:

Issue a temporary restraining order, preliminary injunction and permanent injunction against Defendant, its agents, servants, employees, officers, attorneys, successors and assigns, and all persons, firms and corporations acting in concert or participation with Defendant or on Defendant behalf as follows:

a. Prohibiting it from manufacturing, importing, promoting, marketing, distributing, offering for sale, selling, advertising or providing any products in connection with the Plaintiffs' Mark "Insurance Depot" or any other trademark or trade dress that is confusingly similar to the Plaintiffs' Mark "Insurance Depot";

b. Prohibiting them from representing that any products promoted, marketed, distributed, sold, advertised or provided by Defendant are sponsored or authorized by, or associated with Plaintiffs;

c. Prohibiting it from any other use of the Mark "Insurance Depot", or a derivation thereof, in any manner which is likely to confuse customers and/or the public into believing that Defendant's services, products and/or goods originate from, are associated with, or are sponsored by Plaintiffs;

d. Ordering it to remove pictures of products incorporating the Mark "Insurance Depot" or confusingly similar trade dress or trademarks from any and all of Defendant's advertising, websites, affiliated websites and promotional materials or to deliver such materials to Plaintiffs for destruction;  and

e. Ordering it to deliver to Plaintiffs all products and/or goods bearing the Mark "Insurance Depot" or confusingly similar trade dress or trademarks, wherever found, and to provide a written accounting of where such products have been distributed, displayed or used.

f. Prohibiting it from using the phrase "Insurance Depot" as a keyword that would cause any search engine to include, in a search for "insurance depot", "insurancedepot", or in any other string of letters that include both of the words "insurance" and "depot" in order or position of the string, any web page or URL that is within the control of Defendant."

After a hearing on the merits, award Plaintiffs their damages, Defendant's profits from its knowing infringement of the Plaintiffs' Mark (which profits should be trebled due to Defendant's knowing infringement), and Plaintiffs' costs and attorney's fees.

Grant Plaintiffs such other and further relief as this Court deems to be reasonable, necessary and just.

Plaintiffs Demand a Jury Trial for all issues so triable.

Dated: April 11, 2014                     Respectfully submitted,


                                          By: /s/ *Andrew Sher*          _____
                                          Andrew Sher
                                          Texas State Bar No. 00789623
                                          **THE SHER LAW FIRM, PLLC**
                                          3355 West Alabama, Suite 240
                                          Houston, Texas 77098
                                          (713) 626-2100 (Telephone)
                                          (713) 626-2101 (Facsimile)
                                          andrew@sher-law.com


                                          By: /s/ *Ira P. Domnitz*        _____
                                          Ira P. Domnitz
                                          Texas State Bar No. 24036492
                                          **STEPHENS & DOMNITZ**
                                          P. O. Box 79734
                                          Houston, Texas 77279-9735
                                          (281) 394-3287 (Telephone)
                                          (832) 476-5460 (Facsimile)
                                          idomnitz@stephensdomnitz.com


                                          **ATTORNEYS FOR PLAINTIFFS**